Froessel, J. (concurring).
I concur for modification here, but limited to the facts of this case. The infant plaintiff asked for the food purchased, and it was but normal that the father, who was in any event liable for her necessaries, should make the purchase on behalf of both (see Bowman v. Great A. & P. Tea Co., 308 N. Y. 780).
*201 The Chief Judge has clearly and succinctly stated the problem before us, and has reviewed the applicable authorities. This is an action in contract based on a statute (Personal Property Law, § 96), not for negligence, and it is basic law that unless privity exists there can be no warranty, and where there is no warranty there can be no breach. We may not convert "an action in contract into what really amounts to an action in tort.
However much one may think liability should be broadened, that must be left to the Legislature. There are two sides to the problem before us — and one of them is the plight of the seller. It is just as unfair to hold liable a retail groeeryman, as here, who is innocent of any negligence or wrong, on the theory of breach of warranty, for some defect in a canned product which he could not inspect and with the production of which he had nothing to do, as it is to deny relief to one who has no relationship to the contract of purchase and sale, though eating at the purchaser’s table. As Justice Steuer aptly observed at the Appellate Term, “it may be odd that the purchaser can recover while others cannot, but it is odder still that one without fault has to pay at all”. This distinguishes these cases from situations such as presented in Woods v. Lancet (303 N. Y. 349) and Bing v. Thunig (2 N Y 2d 656), where the defendant has clearly committed a wrong.
It is for the Legislature to determine the policy of accommodating those conflicting interests after affording all concerned an opportunity to be heard. Indeed, the Legislature has not been unaware of the problem for, in three separate years —1943, 1945, 1959 — as noted by the Chief Judge, the New York State Law Revision Commission recommended that the benefits of implied warranties be extended to the buyer’s employees and to the members of his household, but the Legislature has declined to act, despite the introduction of legislation. I do not think we should now assume their powers and change the rules, which will undoubtedly affect many cases in which lawyers and litigants understood the law to be otherwise, and governed themselves accordingly.
Judges Dye, Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond; Judge Froessel concurs in result in a separate opinion.
Judgment accordingly.